ROBERTSON, Justice.
The Appellant, Pearl River Valley Water Supply District, has appealed from the judgment of the Circuit Court of Rankin County, Mississippi, awarding $12,000 damages to E. G. Jeffreys and George W. May, Appellees, for the talcing of a 7.33 acre triangular parcel of land. This land is located about seventeen miles from Brandon, Mississippi, and approximately twenty-six miles from Jackson, Mississippi, at the juncture of Mississippi Highways 43 and 471. These highways form the eastern boundary of this triangular parcel which boundary is shaped like a broken hypotenuse of a right triangle and is about 1200 feet in length along Highways 43 and 471.
This property was purchased by E. G. Jeffreys and George W. May from J. C. Murray on January 2, 1965, for $8,000.00, of which $1,500.00 was paid in cash and $6,500.00 was secured by a deed of trust on the property.
The eminent domain proceedings were begun on March 24, 1965. The jury in the special court of eminent domain returned a verdict for $15,000.00 on April 23, 1965. The District appealed from this judgment and the cause was tried anew on July 16, 1965, in the Circuit Court of Rankin County. The jury verdict there was for $12,-000.00.
The District assigns as error: (1) the refusal of the court to grant “a new trial, or in the alternative, to enter a substantial remit-titur upon the grounds that the verdict of the jury was so excessive and unreasonable in the light of the entire record and the undisputed nature and characteristics of the land, and so contrary to the weight of the credible evidence as to show bias, passion and prejudice on the part of the jury against the appellant and to shock the enlightened judicial conscience” and, (2) the refusal of the court “to permit appellant to show the purchase price which J. C. Murray paid for the subject property.”
The witnesses for the appellant, who testified as to the value of the land taken, were: T. L. Carraway, Jr., experienced appraiser and a member of the American Institute of Real Estate Appraisers, and S. E. Castle, an appraiser of much experience.
Mr. Carraway valued the subject property at $7,200.00 and Mr. Castle appraised it at $7,500.00. Both cited sales which in their opinion were comparable sales and both discounted the efficacy of the isolated sale from the Martins to River Lodge, Inc. Carraway’s reasons for discounting this sale were: (1) because the property could not be used for the purpose for which it was bought; (2) the sellers immediately reinvested a substantial part of the cash down payment in stock of the purchasing corporation; and, (3) it was an isolated sale.
The witnesses for the appellees were: E. G. Jeffreys, one of the purchasers; J. C. Murray, President of the Rankin County Bank and the seller of the property to Jeffreys and May; and R. D. Morrow, Jr., an experienced appraiser living in Brandon, Mississippi. Mr. Jeffreys valued his property at $15,500.00, Mr. Murray valued it at $14,660.00, and Mr. Morrow valued it at $14,700.00. No comparable sales were cited by Jeffreys or Murray, and their valuations were in spite of the fact that Murray had sold the property to May and Jeffreys a few months before for $8,000.00. Mr. Morrow’s valuation was given in spite of the fact that he had appraised the 63-acre adjoining tract on December 15, 1964, at $500.00 per acre. Mr. Morrow used as comparable sales some of the same sales used by Carraway and Castle, but gave a great deal more credence to the sale from the Martins to River Lodge, Inc., for $2,000.00 per acre, which sale was made on April 24, 1965.
The best evidence of the fair market value of subject property was the sale made on January 2, 1965, for $8,000.00 by J. C. *228 Murray, a willing seller, to George W. May and E. G. Jeffreys, willing buyers. Mr. Murray actively practiced law for many years before becoming President of the Rankin County Bank. Both as an attorney and as President of the Bank, he had been engaged for many years in appraising and valuing real estate. He had personally bought and sold many parcels of land and had personally appraised and valued real estate for his bank so that it could make loans and properly secure them by taking mortgages on real estate. This sale represented a willing and experienced seller, selling to willing and experienced buyers. The sale was arranged by H. C. Spier, Realtor, who had secured a listing of the property from Mr. Murray for $8,000.00, and Murray did not meet the purchasers until about the day the sale was closed. This triangular parcel was all Murray had left of a much larger tract purchased during the period from 1957 to 1960.
Mr. Murray had not even been out to see this land for some years. He testified that he thought there were about 3% or 4 acres in this tract and that he priced it on that basis, whereas a subsequent survey made after the contract for the purchase and sale of the property was signed, showed that there were 7.33 acres in the tract. In the contract of sale Mr. Murray made no mention of the fact that he was selling by the acre; he could have done so if he had considered the amount of acreage as of prime importance.
Mr. Jeffreys testified that a very material consideration to him in purchasing the property was that it had about 1200 feet of frontage on paved State Highways 43 and 471. The survey did not change the amount of frontage which Jeffreys and May understood they were buying and Murray understood he was selling. No improvements of any kind had been made since the purchase.
Mr. Morrow testified that a ten per cent per annum increase in the value of lands around the Reservoir would probably be on the conservative side, but that a ten per cent increase from January 1, 1965, to March 24, 1965, would certainly be reasonable.
The principal factor which gives this tract of land any substantial value is its proximity to the Reservoir, a $25,000,000 facility constructed entirely at the expense of the taxpayers of the City of Jackson, and Hinds, Leake, Madison, Rankin and Scott Counties.
Taking all of the credible evidence into consideration, the location of the property, the highest and best use of the property, the fact that the land is from 2.7 feet to 5.2 feet below the surface of the highways, and the time factor, we feel that a liberal valuation would be $10,000.00. We think that the jury valuation of $12,000.00 is against the overwhelming weight of the credible evidence and evinces bias, passion and prejudice on the part of the jury against the appellant.
The matter of admitting testimony as to the purchase price paid by the con-demnee for the property is largely in the sound discretion of the trial judge. In the instant case, Murray was not the con-demnee and in addition to this, subject property was a part of a much larger tract bought over a three year period of time from 1957 to 1960. There was no abuse of discretion by the trial judge in refusing to admit this testimony.
The judgment of the Circuit Court is reversed and this cause remanded for a new trial, unless the appellees within fifteen days from the time this judgment becomes final, remit $2,000.00 of the $12,-000.00 judgment. In the event the remit-titur is made, the judgment will be affirmed for $10,000.00; otherwise, the judgment is reversed and the cause remanded for a new trial.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.